```
LATHAM & WATKINS LLP
Benjamin J. Hanelin (S.B. No. 237595)
Email: benjamin.hanelin@lw.com
355 South Grand Avenue
Los Angeles, CA 90071-1560
Telephone: (213) 485-1234
Facsimile: (213) 891-8763

Richard P. Bress (D.C. Bar No. 457504)
(application for *pro hac vice* pending)
Email: richard.bress@lw.com
Andrew D. Prins (D.C. Bar No. 998490)
(application for *pro hac vice* pending)
Email: andrew.prins@lw.com
555 Eleventh Street NW, Suite 1000
Washington, DC 20004-1304
Telephone: (202) 637-3317
Facsimile: (202) 637-2201

Additional Counsel on Signature Page
```

Attorneys for Plaintiff Residents for The Beverly Hills Garden & Open Space Initiative

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Residents for The Beverly Hills Garden & Open Space Initiative,<br><br>    *Plaintiff*,<br><br>    vs.<br><br>The City of Beverly Hills,<br><br>    *Defendant*. | Case No. 16-5532<br><br>APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE |

Communications with voters regarding ballot initiatives are "core political speech" under the First Amendment. *McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 347 (1995). "No form of speech is entitled to greater constitutional protection." *Id.* Plaintiff needs that protection immediately, because Defendant the City of Beverly Hills is demanding, through a local ordinance, that Plaintiff set aside a huge portion of its campaign communications regarding a pending ballot initiative to carry a lengthy government-prescribed message that both completely overwhelms Plaintiff's own message to voters and taints that message with the City's subjective characterization of the initiative. Indeed, the government-prescribed message is so lengthy that Plaintiff is actually *foreclosed* from using typical forms of advertising media, like 30-second radio ads. The City's ordinance violates the First Amendment, both as applied to Plaintiff and on its face.

Immediate equitable relief is warranted here. The initiative at issue will appear on the November 2016 ballot. Every day that Plaintiff's political speech is chilled diminishes the likelihood that Plaintiff will be able to successfully persuade enough voters to support the initiative. Plaintiff will therefore suffer substantial and irreparable harm without immediate injunctive relief. *Farris v. Seabrook*, 677 F.3d 858, 868 (9th Cir. 2012) ("'[T]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury' and that 'harm is particularly irreparable where, as here, a plaintiff seeks to engage in political speech, as timing is of the essence in politics and a delay of even a day or two may be intolerable.'" (alteration and citations omitted)).

As set forth in the accompanying memorandum and points of authorities, Plaintiff respectfully requests that the Court enter a temporary restraining order and a preliminary injunction to protect its First Amendment rights by preventing the City of Beverly Hills, its agents, representatives, employees, and all persons

aiding the City or acting pursuant to its direction and control, from enforcing the ordinance.

Plaintiff also respectfully requests that this Court exercise its discretion to waive the requirement for a bond under Fed. R. Civ. P. 65. It is well established that the Court "may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining [its] conduct." *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003); *Halo Mgmt., LLC v. Interland, Inc.*, 308 F. Supp. 2d 1019, 1027 n.11 (N.D. Cal. 2003) ("the bond amount may be zero where there is no evidence that a party will suffer damages from the issuance of an injunction"). Here, Defendant will suffer no legitimate injury from the issuance of a restraining order and injunction preventing enforcement of an unconstitutional ordinance. *See*, *e.g.*, *Baca v. Moreno Valley Unified School Dist.*, 936 F. Supp. 719, 738 (C.D. Cal. 1996) (waiving bond requirement in First Amendment case); *United Food & Commercial Workers Local 99 v. Brewer*, 817 F. Supp. 2d 1118, 1128 (D. Ariz. 2011) (same); *Reed v. Purcell*, CV 10–2324–PHX–JAT, 2010 WL 4394289 at *6 (D. Ariz. Nov. 1, 2010) (same).

Dated: July 25, 2016                Respectfully submitted,

    /s/ Benjamin Hanelin

LATHAM & WATKINS LLP
Benjamin Hanelin (S.B. No. 237595)
Email: benjamin.hanelin@lw.com
355 South Grand Avenue
Los Angeles, CA 90071-1560
Telephone: (213) 485-1234
Email: benjamin.hanelin@lw.com

Richard P. Bress (D.C. Bar No. 457504)
(application for *pro hac vice* pending)

2

| | |
|---|---|
| 1 | Email: richard.bress@lw.com |
| 2 | Andrew D. Prins (D.C. Bar No. 998490) |
|   | (application for *pro hac vice* pending) |
| 3 | Email: andrew.prins@lw.com |
| 4 | 555 11th Street NW, Suite 1000 |
|   | Washington, DC  20004 |
| 5 | Telephone: (202) 637-3317 |
| 6 | Facsimile:  (202) 637-2201 |
| 7 | |
|   | NIELSEN MERKSAMER |
| 8 | PARRINELLO  GROSS & LEONI LLP |
|   | Christopher E. Skinnell (S.B. No. 227093) |
| 9 | Email: cskinnell@nmgovlaw.com |
| 10 | Sean P. Welch (S.B. No. 227101) |
|    | Email: swelch@nmgovlaw.com |
| 11 | 2350 Kerner Boulevard, Suite 250 |
| 12 | San Rafael, California 94901 |
|    | Telephone:  (415) 389-6800 |
| 13 | Facsimile:  (415) 388-6874 |
| 14 | |
| 15 | *Attorneys for Plaintiff* |

3